**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 14-00279 and |
| SPECIALTY HOSPITAL OF | ) | 14-00295 through 14-00300 |
| WASHINGTON, LLC, *et al.*, | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered Under |
| | ) | Case No. 14-00279 |
| | ) | |
| | ) | |
| CAPITOL HILL GROUP | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 15-_____ |
| | ) | |
| v. | ) | |
| | ) | |
| DCA CAPITOL HILL LTAC, LLC | ) | |
| | ) | |
| And | ) | |
| | ) | |
| DCA CAPITOL HILL SNF, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 157, 1332, 1334, 1441, 1446 and 1452 and Rule 9027 of the

Federal Rules of Bankruptcy Procedure, Defendants DCA Capitol Hill LTAC, LLC and DCA

Capitol Hill SNF, LLC (collectively, "**DCA**" or "**Defendants**") hereby remove to this Court the

action now pending in Superior Court for the District of Columbia under Case No. 2015 CA

008166B (the "**Superior Court Action**").  As grounds for removal, Defendants state as follows:

1.       This Court has original jurisdiction over this matter pursuant to 28 U.S.C.

§ 1334(b) because this matter arises in and/or is related to the above-captioned bankruptcy

proceeding, and all claims and causes of action in the State Court Action may be removed to this Court under 28 U.S.C. § 1441 and 28 U.S.C. § 1452. The claims asserted are core in nature as such claims are defined by 28 U.S.C. § 157. Although 28 U.S.C. § 1334(b) provides an independent and sufficient ground for removal, this Court and the District Court also have original jurisdiction over this Action because complete diversity exists between the parties and the amount in controversy exceeds $75,000 under 28 U.S.C. § 1332(a).

2. On December 16, 2014, Debtor Specialty Hospital of Washington, LLC assumed and assigned to DCA the Amended and Restated Lease Agreement (the "**Lease**") for the premises occupied by the hospital facility now known as BridgePoint Hospital Capitol Hill, pursuant to this Court's Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Certain Related Relief (the "**Sale Order**"). Dkt. No. 335. Capitol Hill Group ("**CHG**") is the lessor (Landlord) under the Lease.

3. Paragraph 32 of this Court's Sale Order expressly approved the assumption and assignment of the Lease and incorporated the Landlord Sale Support Agreement Term Sheet, Dkt. No 121-1. Thus, the Sale Order found that the appropriate cure amount due to CHG, based on agreement of the parties, was $4.5 million (the "**Cure Amount**").

4. In negotiations leading to the assumption and assignment of the Lease, CHG misrepresented that CHG had spent more than $4 million on a "new HVAC" system, thereby inflating the Cure Amount in the Sale Order. CHG repeated this representation in Section 8.4 of the Lease, which unambiguously states that CHG "has installed a new HVAC system within the Building," in its effort to inflate the Cure Amount. CHG's misrepresentations dramatically

2

affected the cure amount specified in this Court's Sale Order.   The Defendants intend to bring affirmative actions before this Court seeking damages for those misrepresentations and otherwise seek relief from that portion of the ordered Cure Amount based on CHG's misrepresentations.

5.      After Defendants discovered the extent of CHG's misrepresentations and because CHG failed to use commercially reasonable efforts to correct its failures to install the new HVAC system promised in the Lease and to this Court, Defendants had to undertake corrective efforts to maintain facility temperatures at levels consistent with patient health and safety and regulatory requirements.  To begin to compensate for CHG's failure to take the actions it had represented in obtaining the cure payment and CHG's breach of its lease obligation to do so, DCA withheld a portion of its rent (the "**Rent Offsets**").  These Rent Offsets are expressly permitted under Section 8.4 of the Lease, based on severe defects in the "new HVAC system" that CHG misrepresented to Defendants and to this Court justified a $4.5 million Cure Amount.

6.      There is already a dispute pending in this Court between these parties as to the Sale Order.  In March 2015, CHG sent DCA a notice of default claiming that DCA was required by the Lease to indemnify CHG for utility bills incurred by the Debtors prior to DCA's assumption of the Lease.  On May 27, 2015, BridgePoint Healthcare LLC (f/k/a DCA Acquisitions LLC) filed an adversary proceeding against CHG seeking declaratory judgment that the Court's Sale Order bars CHG from asserting precisely this type of successor liability, for liabilities incurred by the Debtor before the closing.

7.      The parties stipulated to an extension of the time to respond to the adversary complaint until after any second notice of default.  CHG has not sent a second notice of default relating to the utilities bills at issue in the adversary action such that the extension continues in place.  Attempts at settlement have been thus far unsuccessful.

8.   On or about October 23, 2015, CHG filed a Complaint in D.C. Superior Court asserting that Defendants improperly withheld the Rent Offsets. CHG's Complaint incorporates by reference a letter to CHG detailing its misrepresentations to DCA, the Debtors' Estate, and this Court at Exhibit P to the Complaint, included with the process and pleadings from the Superior Court Action filed herewith.

9.   CHG chose not to pursue the Rent Offsets before this Court, which plainly has jurisdiction over the matter, having approved the Cure Amount and the assignment and assumption of the Lease in connection the Sale Order.

10.   Paragraph 53 of the Sale Order states that "[t]his Court shall retain exclusive jurisdiction to enforce and implement the terms and provisions of the Asset Purchase Agreement, all amendments thereto . . . and of each of the *agreements executed in connection therewith* in all respects, including, but not limited to, retaining jurisdiction to . . . (d) interpret, implement, and enforce the provisions of this Order." (emphasis added). The parties negotiated and executed the Lease and the SSA setting forth the Cure Amount in connection with the SHW bankruptcy proceedings and the Asset Purchase Agreement approved by this Court.

11.   As further grounds for removal, DCA notes that, pursuant to 28 U.S.C. § 1452, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

12.   28 U.S.C. § 1334(b) provides that the "district court shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." A civil proceeding "'arises under' title 11 if the claim is made pursuant to a provision of title 11,' and '[c]laims 'arising in' a case under title 11 are limited to

4

'administrative matters that arise only in bankruptcy cases and have no existence outside of the bankruptcy proceeding.'" *In re Premium Escrow Services, Inc.*, 342 B.R. 390, 396 (Bankr. D.D.C. 2006) (citation omitted).  Whether a civil proceeding gives rise to "related to" jurisdiction turns on "'whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Id.*

13.     First, CHG's misrepresentations directly undermined this Court's Order, and "[t]he bankruptcy court has an interest in interpreting its own orders." *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 224 (D. Haw. 2006).  Indeed, resolution of a matter by the bankruptcy court is the most efficient use of judicial resources and promotes uniformity where, as here, "the bankruptcy court is already familiar with many of the circumstances relevant to the instant case." *Id.*

14.     Second, it is well established that a bankruptcy court has core jurisdiction to interpret and enforce its own prior orders, particularly where, as here, the Court expressly retained exclusive jurisdiction to do so.  *See, e.g., Travelers Indem. Co v. Bailey*, 557 U.S. 137 (2009) (finding the "Bankruptcy Court plainly had jurisdiction to interpret and enforce its own orders") *In re Williams*, 256 B.R. 885, 892 (B.A.P. 8th Cir. 2001) ("[T]he enforcement of orders resulting from core proceedings are themselves considered core proceedings"); *In re Northwest Airlines Corp.*, 2008 WL 630449, *3 (Bankr. S.D.N.Y. March 5, 2008) ("A bankruptcy court not only retains post-confirmation jurisdiction to interpret and enforce its own orders, but the retention of jurisdictions by the bankruptcy court is particularly appropriate where, as here, the bankruptcy court expressly retains jurisdictions under the plan.").  In this case, the Court retained jurisdiction "to enforce and implement the terms and provisions . . . of each of the agreements executed in connection" with the Asset Purchase Agreement," Sale Order ¶ 53, and the Lease

5

(which provides a payment schedule for the Cure Payment and memorializes the attendant obligation to install a new HVAC system) is certainly such an agreement.

15.    In any event, the action is plainly "related to" and could conceivably have an impact on the estate being administered in a case "arising under title 11," namely the Specialty Hospital of Washington bankruptcy proceedings.  Moreover, because the case could have been commenced in federal court based on diversity jurisdiction under 28 U.S.C. § 1332, abstention is not appropriate.  *See* 28 U.S.C. § 1334(c)(2) (limiting abstention to cases "with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under [28 U.S.C. § 1334(c)(2)]").

16.    Additionally, removal is appropriate pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Federal diversity jurisdiction is established on the face of the Complaint in the Superior Court Action because there is complete diversity and the amount in controversy exceeds $75,000.  As CHG alleged in its Complaint, "Plaintiff is a California corporation with principal place of business located at 6135 Kansas Avenue, N.E., Washington, D.C. 20011" and "[e]ach Defendant is a Delaware limited liability company with a place of business at Two Greenwich Plaza, Greenwich, CT 06830."  Compl. ¶¶ 1, 3.  CHG also alleges it "suffered damages in the amount of $110,893.68," the current amount of the Rent Offsets, which are subject to increase. Compl. ¶ 134.

17.    Removal directly to the Bankruptcy Court for the District of Columbia is appropriate.  Under Bankruptcy Rule 9027(a)(1), a Notice of Removal based on 28 U.S.C. § 1452 must be filed "with the clerk for the district and division within which is located the state or federal court where the civil action is pending."  "Since Bankruptcy Rule 9001(3) defines 'clerk' as the bankruptcy clerk, and the bankruptcy court is a unit of the district court, the notice

of removal is filed with the bankruptcy clerk rather than the district court clerk." *Collier on Bankruptcy* ¶ 9027.03 (16th ed. 2012); *see also Funquest Vacations Inv. v. Northwest Airlines,* 1998 WL 124222, *1 (E.D. Penn. February 5, 1998) ("While the express language of the statute refers to removal to the district court, removal directly to the bankruptcy court of the district has been sustained on several grounds: the bankruptcy court's status as a unit of the district court, the automatic referral of the district court's bankruptcy jurisdiction to the bankruptcy court for the district and the definition in Rule 9001(3) of 'clerk' to mean the 'bankruptcy clerk' if one has been appointed.").

18.    Further, "[i]f the district court's local rules so provide, the removed action will be referred automatically to the bankruptcy court." *See, e.g., In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995).  DCt. LBR 5011-1 states: "Pursuant to 28 U.S.C § 157(a), all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the  bankruptcy judge of this District.  All papers filed in any such case or proceeding, including the original petition, shall be filed with the Clerk of the Bankruptcy Court and shall be captioned "United States Bankruptcy Court for the District of Columbia."

19.    This notice is timely in that it has been filed within thirty (30) days from the date the Plaintiff served the Defendants with the Complaint.  *See* Fed. R. Bankr. Proc. 9027(a)(1).

20.    Defendants state that this matter is a core proceeding, but Defendants also consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

21.    In accordance with Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure and Rule 7 of the Federal Rules of Civil Procedure, attached as Exhibit A are copies of all the

7

process and pleadings from the State Court Action.

22.     Pursuant to Rule 9027(b), Defendants will serve a copy of this Notice of Removal on counsel for the Plaintiff and will file a copy with the clerk of court for the State Court Action. A copy of the Notice of Filing of Notice of Removal to be filed in the Superior Court Action is attached as Exhibit B.

Dated:  November 10, 2015                       Respectfully submitted,

                                                /s/ *Michael J. Edney*_____
                                                Michael J. Edney (DC Bar No. 492024)
                                                Filiberto Agusti (DC Bar No. 270058)
                                                **STEPTOE & JOHNSON LLP**
                                                1330 Connecticut Ave., NW
                                                Washington, DC 20036
                                                Tel: (202) 429-3000
                                                Fax: (202 429-3902
                                                Email: medney@steptoe.com

                                                *Counsel for DCA Capitol Hill LTAC, LLC and DCA*
                                                *Capitol Hill SNF, LLC*

\

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2015, a true and correct copy of the foregoing

*Notice of Removal and attached exhibits* were filed and served via the Court's Electronic Case

Filing System, and by first class mail, postage prepaid to:

David H. Cox, Esq.
Christopher A. Glaser, Esq.
Jackson & Campbell, P.C.
1120 20th Street, NW South Tower
Washington, DC 20036

Bradford F. Englander, Esq.
Justin Philip Fasano, Esq.
Whiteford, Taylor & Preston, LLP
3190 Fairview Park Drive, Suite 300
Falls Church, Virginia 22042

*Counsel for Capitol Hill Group*

/s/ Michael J. Edney
Michael J. Edney