**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IN RE: SPECIALTY HOSPITAL OF WASHINGTON, LLC, *et al.*

CAPITOL HILL GROUP,

    Plaintiff,

    v.

DCA CAPITOL HILL LTAC, LLC, *et al.*,

    Defendants.

Civil Action No. 16-090 (BAH)

Chief Judge Beryl A. Howell

**MEMORANDUM AND ORDER**

Pending before the Court is the plaintiff's Motion to Withdraw Reference ("Pl.'s Mot."), ECF No. 1, in an action originally filed in the Superior Court for the District of Columbia and subsequently removed by the defendant to the United States Bankruptcy Court for the District of Columbia, pursuant to 28 U.S.C. § 1334(b).[1]

Pursuant to 28 U.S.C. § 1334(a) and (b), "district courts have original jurisdiction over bankruptcy cases and related proceedings," *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1939 (2015), but "may provide that any or all" of such cases "be referred to the bankruptcy judges for the district," 28 U.S.C. § 157(a).[2] Accordingly, in this District, all bankruptcy cases and related proceedings are automatically referred to the bankruptcy judge of this District by local rule. District Court Local Bankruptcy Rule ("DCt.LBR") 5011-1. The bankruptcy court,

---

[1] The defendant's Notice of Removal in the Bankruptcy Court also cites diversity jurisdiction, under 28 U.S.C. § 1332, as a ground for removal. The parties agree that this Court has subject matter jurisdiction on the basis of diversity, but disagree with respect to the bankruptcy court's jurisdiction.

[2] Section 157(a) provides, in full: "Each district court may provide that any or all cases under Title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."

1

generally, "may hear and determine" "and may enter appropriate orders and judgments" in "all core proceedings arising under" bankruptcy law "or arising in" a bankruptcy case subject to the district court's review, 28 U.S.C. § 157(b)(1), which "core proceedings" are "identified . . . [in] a nonexclusive list of 16 types of proceedings[] [in] § 157(b)(2)," *Wellness Int'l*, 135 S. Ct. at 1940; *see also Stern v. Marshall*, 131 S. Ct. 2594, 2605 (2011) ("[C]ore proceedings are those that arise in a bankruptcy case or under Title 11."). "Absent consent," however, the "bankruptcy court[] in non-core proceedings may only 'submit proposed findings of fact and conclusions of law,' which the district court[] review[s] *de novo*." *Wellness Int'l*, 135 S. Ct. at 1940 (quoting 28 U.S.C. § 157(c)(2)). Likewise, pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011), "some claims labeled . . . as 'core' may not be adjudicated by a bankruptcy court in the manner designated by § 157(b)" absent consent. *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2172 (2014). These "*Stern* claims—that is, proceedings that are defined as 'core' under § 157(b) but may not, as a constitutional matter, be adjudicated as such (at least in the absence of consent)" may be, instead, adjudicated as non-core claims. *Id*. at 2173. Consequently, the bankruptcy court may fully adjudicate most core claims and, for both non-core and *Stern* claims, may submit a report and recommendation ("R&R") containing proposed findings of fact and conclusions of law for the district court to review *de novo*.

A "'district court may withdraw' a reference to the bankruptcy court . . . 'on timely motion of any party, for cause shown.'" *Wellness Int'l*, 135 S. Ct. at 1939 (quoting 28 U.S.C. § 157(d)). In determining whether to withdraw a reference, courts consider "whether the proceedings are core proceedings, 'the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.'" *In re Ellipso, Inc.*, 477 B.R. 278, 281 (D.D.C. 2012) (quoting *Sec. Farms v.*

*Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997), and citing other cases). Pursuant to 28 U.S.C. § 157(b)(3) and District Court Local Bankruptcy Rule 5011-2(f), "[u]pon request of this Court, the bankruptcy judge shall determine . . . whether or not any proceeding, as to which withdrawal of the reference is sought in whole or in part, is a core proceeding." DCt.LBR 5011-2(f).

Here, the plaintiff asserts that the "instant proceeding was improperly referred to the Bankruptcy Court in the first instance under 28 U.S.C. § 157(a) and DCt.LBR 5011-1, because [the bankruptcy court] lacks subject matter jurisdiction under bankruptcy law over" the landlord-tenant claims at issue. Pl.'s Mot. at 5. In other words, the plaintiff contends that the case is not a case "under title 11 . . . arising under title 11 or arising in or related to a case under title 11," and is therefore not statutorily permitted to be referred to the bankruptcy court. 28 U.S.C. § 157(a). The defendants, on the other hand, assert that "this case is inextricably bound to and is itself a core bankruptcy proceeding" because the plaintiff's claims are "inextricably intertwined" with the bankruptcy court's sale order in *In re Specialty Hospital of Washington*, LLC, Nos. 14-279, 14-295 to -300 (Bankr. D.D.C.), ECF No. 335. Def.'s Opp'n Pl.'s Mot. Withdraw Dist. Ct.'s Reference Bankr. Ct. ("Def.'s Opp'n") at 2, 10, ECF No. 1.

The bankruptcy judge who has presided over the bankruptcy proceedings for the last two years, since April 2014, is fully familiar with the facts relating to the bankruptcy and, consequently, is best situated to evaluate in the first instance the propriety of the referral. *See In re Millenium Seacarriers, Inc.*, 54 Fed. App'x 333, 337 (2d Cir. 2002) (affirming "the District Court's decision to permit the Bankruptcy Court to rule on the jurisdictional question in the first instance" because, "[w]ithout findings by the Bankruptcy Court, we are unable to determine whether this adversary action constitutes '[a] proceeding[ ] arising under title 11 or arising in or

related to a case under title 11,' as required for the Bankruptcy Court to have jurisdiction over it" (alterations in original)); *see also* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under Title 11."); *In re Millenium Seacarriers, Inc.*, 458 F.3d 92, 95 (2d Cir. 2006) (affirming "bankruptcy court's initial assumption of jurisdiction over" adversary action).  Accordingly, it is hereby

**ORDERED** that the plaintiff's pending Motion to Withdraw Reference is referred to the bankruptcy court for a report and recommendation to be submitted for this Court's review; and it is further

**ORDERED** that any party may file for consideration by the Court any written objections to the bankruptcy court's proposed findings and recommendations within 14 days after the report and recommendation is issued.  The objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection.  The filing of oppositions and replies shall be governed by Local Civil Rule 7(b) and (d).

**SO ORDERED.**

Date: April 12, 2016

Digitally signed by Hon. Beryl A. Howell
DN: cn=Hon. Beryl A. Howell, o=U.S. District Court for the District of Columbia, ou=Chief Judge, email=Howell_Chambers@dcd.uscourts.gov, c=US
Date: 2016.04.12 12:26:14 -04'00'

BERYL A. HOWELL
Chief Judge